IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANDRA RUMANEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  24-1342-GBW |
| | ) | |
| JOHN CERINO, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| SANDRA RUMANEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  24-1343-GBW |
| | ) | |
| ROBERT CRUIKSHANK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

At Wilmington, this 18th day of July 2025, Plaintiff Sandra Rumanek, of Vancouver, Washington, having initiated the above-captioned civil actions by filing complaints *pro se* and paying the filing fees in full;

WHEREAS, review of the complaints reveals that Plaintiff asserts the same claims or related claims against Defendants John Cerino and Robert Cruikshank, respectively, in Civil Action Nos. 24-1342-GBW and 24-1343-GBW;

WHEREAS, as part of its general power to administer its docket, this Court may consolidate, stay, or dismiss a suit that is duplicative of another federal court suit, *see Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation");

WHEREAS, regarding Plaintiff's claims, Defendant Cruikshank asserts *pro se* that "Plaintiff is again relit[i]gating the same material facts as can be found in Rumanek v. Fallon, et al., Civil Action No. 1:17-cv-123-CCC," (D.I. 9 in 24-1343-GBW (emphasis in original)),

WHEREAS, this Court construes the foregoing as Defendant Cruikshank asserting *res judicata* as an affirmative defense, pursuant to Federal Rule of Civil Procedure 8(c)(1), *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (instructing that pro se filings are "to be liberally construed");

WHEREAS, *res judicata*, or claim preclusion, applies both to claims that were brought, and to claims that could have been brought in a prior action, *see Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981), where "a final judgment on the merits" was issued, involving "the same parties or their privies," and there is "a subsequent suit based on the same cause of action," *Duhaney*

*v. Attorney Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) (internal quotation marks omitted); and

WHEREAS, holding Plaintiff's *pro se* complaints to a less stringent standard than formal pleadings drafted by lawyers, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), case review reveals that Plaintiff's claims against Defendants Cerino and Cruikshank were previously considered and found to be meritless or baseless on final judgment in *Rumanek v. Fallon, et al.*, (*see* D.I. 139, 140 in 17-cv-123-CCC);

WHEREFORE, IT IS HEREBY ORDERED:

1. Civil Action No. 24-1342-GBW and Civil Action No. 24-1343-GBW are **CONSOLIDATED**.

2. Plaintiff's complaints in the above-captioned civil actions are **DISMISSED** with prejudice because Plaintiff's claims are precluded by the final judgment issued in *Rumanek v. Fallon, et al.*, 17-cv-123-CCC.

3. The Clerk shall close Civil Action Nos. 24-1342-GBW and 24-1343-GBW.

_____
Gregory B. Williams
United States District Judge

3